**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LOUVADA JONES,<br>        Appellant, | DOCKET NUMBER<br>DA-0752-21-0072-I-4 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: January 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, Atlanta, Georgia, for the appellant.

Kimya Jones, Esquire, and James C. Bush, Esquire, Washington, D.C., for
the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant retired from the agency in March 2019 and thereafter filed the present appeal asserting that her retirement was involuntary. *Jones v. Department of Justice*, MSPB Docket No. DA-0752-21-0072-I-1, Initial Appeal File, Tab 1; *Jones v. Department of Justice*, MSPB Docket No. DA-0752-21-0072-I-4, Appeal File (I-4 AF), Tab 5 at 27. In a February 24, 2023 initial decision, the administrative judge dismissed the appeal without a hearing for lack of jurisdiction. I-4 AF, Tab 9, Initial Decision (ID). The initial decision informed the appellant that it would become final on March 31, 2023, unless a petition for review was filed by that date. ID at 11. The initial decision also informed the appellant how and where to file a petition for review. ID at 12. The appellant filed a petition for review on April 4, 2023. Petition for Review (PFR) File, Tab 3. The agency filed a response, to which the appellant replied. PFR File, Tabs 5, 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). In the interest of judicial efficiency and fairness, the Board will not waive its timeliness requirements in the absence of good cause shown, regardless of how minimal the delay. *Mitchell v. Broadcasting Board of Governors*, 107 M.S.P.R. 8, ¶ 6 (2007). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of an appellant's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly

shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4    We find that the appellant did not establish good cause for her delay. The appellant, a registered e-filer who is deemed to have received the initial decision on its date of issuance, 5 C.F.R. § 1201.14(m)(2), filed her April 4, 2023 petition for review 4 days past its March 31, 2023 due date. The Office of the Clerk of the Board issued a petition for review acknowledgment letter informing the appellant that her petition was untimely filed and affording her the opportunity to file, by April 20, 2023, a motion to waive the time limit for good cause. PFR File, Tab 4 at 1-2. The appellant, who obtained representation before March 31, 2023, and was represented throughout the petition for review proceedings, PFR File, Tab 1 at 4, Tab 8, filed her motion to waive the time limit over 1 month past the deadline, with no explanation for that delay, PFR File, Tab 6. [2] We thus need not consider the appellant's motion, the untimely filing of which demonstrates her lack of due diligence in filing her petition for review. *Alford v. Office of Personnel Management*, 108 M.S.P.R. 414, ¶¶ 8-9, 11 (2008).

¶5    Even if we were to consider the appellant's motion, the outcome would be the same. The Board has dismissed petitions for review filed as little as 1 day late absent showings of good cause. *Pangelinan v. Department of Homeland Security*, 104 M.S.P.R. 108, ¶ 9 (2006); *Lands v. Department of the Air Force*, 95 M.S.P.R. 593, ¶¶ 2-3, 6-8 (2004). The appellant's motion consists of a declaration from her representative asserting, among other things, that the appellant attempted to e-file her petition for review on its due date but that it would not go through. PFR File, Tab 6 at 2. The representative also claims the

---

[2] The appellant asserts that she timely filed her motion in response to the Office of the Clerk of the Board's acknowledgment letter on April 19, 2023. PFR File, Tab 8 at 6. But the appellant's motion, though purportedly signed by her representative on April 19, 2023, was not filed until May 22, 2023. PFR File, Tab 6. There is no indication that the appellant attempted to file her motion any earlier, and her claim that she timely filed her motion appears inaccurate.

appellant then emailed her petition to the Dallas Regional Office, which purportedly responded that it was not the correct recipient. *Id.* The representative claims that the appellant then requested an extension of time until "it was figured out" and that the appellant was finally able to file through the "proper avenue." *Id.* Lastly, the representative asserts that she personally did not ask the Board for an extension of time to file the petition for review before its deadline because she "mistakenly thought it was timely." PFR File, Tab 6 at 1.

¶6 Even if true, these explanations do not demonstrate good cause. The initial decision explained under the heading "**NOTICE TO APPELLANT**," that it "will become final on **March 31, 2023,** unless a petition for review is filed by that date." ID at 11 (emphases in original). The initial decision further explained that, with an exception not relevant here, March 31, 2023, was an "important date" because it was the "last day on which [she could] file a petition for review with the Board." *Id.* To the extent the appellant attributes her delay in filing her petition for review to her attorney's misunderstanding of its due date, the appellant is responsible for the errors of her chosen representative, *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981), and her inability to follow explicit filing instructions in the initial decision does not constitute good cause for her delay, *Groesbeck v. Office of Personnel Management*, 109 M.S.P.R. 1, ¶ 4 (2008).

¶7 Similarly, to the extent the appellant attributes her delay to the time it took for her to discover the proper filing method after her purported e-filing issue and the Dallas Regional Office's alleged rejection of her petition, she does not explain why she did not follow the instructions in the initial decision. Those instructions stated that a petition for review must be filed with the Clerk of the Board, provided the Clerk's address, and described permissible methods of filing, including by facsimile—a method at the appellant's disposal by which she ultimately filed her petition for review. ID at 12; PFR File, Tab 3 at 1. Again,

the appellant's inability to follow explicit instructions in the initial decision does not excuse her delay.[3] *Groesbeck*, 109 M.S.P.R. 1, ¶ 4.

¶8      Accordingly, we dismiss the petition for review as untimely filed without good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal of the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] We observe that, in apparent contradiction of her representative's assertions that the Dallas Regional Office rejected the appellant's submission of her petition and that the appellant requested an extension of time to determine the proper filing method and finally submitted her petition through the "proper avenue," the appellant ultimately filed her untimely petition with the Dallas Regional Office, which received the document.  PFR File, Tab 3 at 1, Tab 6 at 2.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:                          _____
                                                     Jennifer Everling
                                                     Acting Clerk of the Board

Washington, D.C.